IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

FLORIDA DEPARTMENT OF
REVENUE by and on behalf of
MARSHA ANTOINETTE HAYE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Petitioner,

CASE NO. 1D14-2999

v.

CARLTON HASANI KERR,

Respondent.

_____/

Opinion filed February 9, 2015.

Petition for Writ of Certiorari.

Pamela Jo Bondi, Attorney General, and William H. Branch, Assistant Attorney General, Child Support Enforcement, Tallahassee, for Petitioner.

No appearance for Respondent.

PER CURIAM.

The Florida Department of Revenue (DOR) petitions for a writ of certiorari to review an order directing the mother, the father, and the child to submit to paternity testing. The order was entered in a proceeding to establish Respondent's child

support obligation and was based on a report entered by the same child support hearing officer who recommended the paternity testing order that we quashed today in Florida Department of Revenue ex rel. Corbitt v. Alletag, Case No. 1D14-3011 (Feb. 9, 2015). Like the order in that case, the order in this case departs from the essential requirements of law because the issue of paternity was not placed in controversy by the father and good cause was not shown for paternity testing. And, even though it was the mother who requested paternity testing in this case,[1,2] we

---

[1] At the hearing, after the Respondent admitted that he signed the child's birth certificate, that he did not dispute that he was the child's father, and that he was not asking for a DNA test, the following colloquy occurred between the child support hearing officer and the child's mother:

> THE COURT: Why is it that you want DNA testing to be conducted?
>
> THE MOTHER: Because when we're arguing and my child is there, [Respondent] continually says in front of her that he doubts that he is her dad and it makes me and my daughter cry. I don't need the DNA test. He is the father. But he keeps holding that against my head that he doubts that he's the child's dad and I'm tired of hearing it.
>
> THE COURT: All right. Thank you. Based upon the testimony, it's in the best interest of the minor child that DNA testing be granted.

[2] Even though DOR filed the petition to establish child support on behalf of the child's mother, it is not precluded from seeking review of the order authorizing the paternity testing requested by the mother because counsel for DOR objected below and because DOR is effectively vindicating its own interests (and the interests of the child) by establishing Respondent's child support obligation since the funds received from Respondent offset the public assistance benefits paid to the mother. See

have jurisdiction to review the order because the harm resulting from the child having to submit to paternity testing cannot be remedied on appeal.  Accordingly, as we did in <u>Alletag</u> and the cases cited therein, we grant the petition for a writ of certiorari and quash the trial court's order requiring the parties to submit to paternity testing.

PETITION GRANTED; ORDER QUASHED.

BENTON, WETHERELL, and SWANSON, JJ., CONCUR.

---

<u>generally</u> §§ 409.2551, 409.2561, 409.2564, 409.2567, Fla. Stat. (2014). Additionally, DOR has to pay for the paternity testing.