IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,
DEPARTMENT OF REVENUE,
ON BEHALF OF BONNIE
BARNHILL,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1587

      Petitioner,

v.

JESSE L. SMITH,

      Respondent.

_____/

Opinion filed November 9, 2015.

Petition for Writ of Certiorari.

Pamela Jo Bondi, Attorney General, and William H. Branch, Assistant Attorney General, Tallahassee, for Petitioner.

No appearance for Respondent.

PER CURIAM.

      The Florida Department of Revenue ("DOR") petitions for a writ of certiorari to review the lower court's order adopting verbatim the order of the general magistrate granting the father's motion for genetic testing and ordering the "custodian to produce the minor child" for said purpose. As did the order in Florida Department of Revenue

ex rel. Corbitt v. Alletag, 156 So. 3d 1110 (Fla. 1st DCA 2015), the order in this case departs from the essential requirements of law because the issue of paternity was not placed in controversy by the father and good cause was not shown for paternity testing. Accord Fla. Dep't of Revenue ex rel. Haye v. Kerr, 155 So. 3d 1262 (Fla. 1st DCA 2015). Furthermore, although this cause was initiated by DOR in a proceeding to establish the father's child support obligation when the child was in the custody of his grandmother, the "custodian" of the child at the time of the hearing before the general magistrate was the child's mother. As she candidly acknowledged during the hearing, the general magistrate (and, hence, the lower court) lacked personal jurisdiction over the mother to order her to produce the child for testing.

PETITION GRANTED; ORDER QUASHED.

LEWIS, SWANSON, and WINOKUR, JJ., CONCUR.